IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**MIRANDA J. L.,**[1]

        Plaintiff,

        v.

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

Civ. No. 3:19-cv-00321-CL

**OPINION AND ORDER**

---

MARK D. CLARKE, Magistrate Judge.

      Plaintiff Miranda L. ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration denying her claim for Social Security

Disability Benefits under Title II of the Social Security Act. For the reasons provided below, the

Commissioner's decision is AFFIRMED.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (Dkt#6).

Page 1 of 14 – OPINION AND ORDER

## BACKGROUND

Plaintiff was born on June 21, 1989 and was 26 years old on the alleged disability onset date. Tr. 86, 156. Plaintiff speaks, reads, and writes in English and has an associate degree. Tr. 159, 210. Her past work history includes assistant manager at a restaurant, archeology technician, drive through attendant, and stock person at a gift shop. Tr. 161-162. Plaintiff lives with her mother, father, fiancé, and three children. Tr. 161. Plaintiff has a history of depression dating back to age fourteen. Tr. 517.

Plaintiff alleges that she has been disabled since October 1, 2014, because of major depression and anxiety, postural orthostatic tachycardia syndrome, episodic lightheadedness, iron deficiency, narcolepsy, and pre-diabetes. Tr. 159. She applied for disability benefits on September 21, 2015. Tr. 30. Her application was initially denied on October 26, 2015, and again upon reconsideration on December 31, 2014. Tr. 30. Plaintiff filed a written request for a hearing before an Administrative Law Judge (ALJ). Tr. 105. Plaintiff appeared *pro se* at the hearing held October 23, 2017. Tr. 30. The ALJ issued an unfavorable decision on January 20, 2018. Tr. 30. The Appeals Council denied a timely request for review on September 21, 2018, making the ALJ decision the final decision of the Commissioner. Tr. 5.

Plaintiff now seeks judicial review.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks

the following series of questions:

1.   Is the claimant performing "substantial gainful activity"? 20 C.F.R.
     §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving
     significant mental or physical duties done or intended to be done for pay or
     profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such
     work, she is not disabled within the meaning of the Act. 20 C.F.R.
     §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing
     substantial gainful activity, the analysis proceeds to step two.

2.   Is the claimant's impairment "severe" under the Commissioner's
     regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
     expected to result in death, an impairment is "severe" if it significantly
     limits the claimant's physical or mental ability to do basic work activities.
     20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or
     must be expected to last for a continuous period of at least 12 months. 20
     C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe
     impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);
     416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
     proceeds to step three.

3.   Does the claimant's severe impairment "meet or equal" one or more of the
     impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then
     the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);
     416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
     the listed impairments, the analysis proceeds to the "residual functional
     capacity" ("RFC") assessment.

     a.   The ALJ must evaluate medical and other relevant evidence to assess
          and determine the claimant's RFC. This is an assessment of work-
          related activities that the claimant may still perform on a regular and
          continuing basis, despite any limitations imposed by his or her
          impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e);
          416.945(b)-(c). After the ALJ determines the claimant's RFC, the
          analysis proceeds to step four.

4.   Can the claimant perform his or her "past relevant work" with this RFC
     assessment? If so, then the claimant is not disabled. 20 C.F.R.

§§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the five-step analysis, the ALJ made the following findings:

1. Plaintiff has met the insured status requirements of the Social Security Act through June 30, 2019.

2. Plaintiff has not engaged in substantial gainful activity as defined in 20 C.F.R. 404.1571 *et seq.* since the alleged onset date.

3. Plaintiff has the following severe impairments as defined in 20 C.F.R. 404.1520(c): syncope, tremors, idiopathic hypotension, and chronic fatigue syndrome.

4.  Plaintiff does not have an impairment or combination of impairments that meets or
    medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404,
    Subpart P, Appendix 1.

5.  Plaintiff has the residual functional capacity to perform a full range of work at all
    exertional levels but with the following nonexertional limitations: Plaintiff should
    never climb on ladders, ropes or scaffolds. Plaintiff can occasionally stoop, kneel,
    crouch, crawl and climb stairs and ramps. Plaintiff is precluded from working around
    hazards such as unprotected heights, operating heaving moving machinery, or
    operating a motor vehicle.

6.  Plaintiff is capable of performing past relevant work as a shift supervisor as defined
    by D.O.T. 319.137.022. This work does not require the performance of work-related
    activities by Plaintiff's residual functional capacity.

7.  Plaintiff has not been under a disability, as defined in the Social Security Act, from
    October 1, 2014, through the date of the ALJ decision.

Therefore, the ALJ found Plaintiff not disabled, as defined by the Social Security Act, at

any time from the alleged onset date to the date of the ALJ decision.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the legal findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means

'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v.*

*Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53

F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court

must weigh "both the evidence that supports and detracts from the [Commissioner's]

conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations

of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues:

1. Did the ALJ properly evaluate the opinions of Plaintiff's medical sources?

2. Did the ALJ properly evaluate Plaintiff's subjective symptom statements?

The Court finds that the ALJ properly evaluated all of the evidence. The ALJ's decision is affirmed.

**I.      The ALJ properly evaluated the medical evidence.**

In social security cases, there are three categories of medical opinions: those that come from treating, examining, and non-examining doctors. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2008). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* at 1202. Treating providers are "employed to cure and [have] a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). A contradicted opinion by a treating doctor may only be rejected for specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 632. The opinion of a non-examining physician cannot by itself constitute substantial evidence to reject the opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Even where an examining physician's opinion is contradicted by another doctor, the ALJ may only reject it with "specific and legitimate" reasons supported by substantial evidence. *Id.* at 1164; *accord Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). Medical experts (ME) are considered experts in the Social Security disability programs, and their opinions may be entitled to great weight if they are supported by the record. *See* 20 C.F.R. §§ 404.1513(b), 404.1527. Opinions supported by explanations are given more authority than those that are not, as are opinions of specialists directly relating to their specialties. *Holohan*, 246 F.3d. at 1202. However, an ALJ considers all relevant medical evidence and is responsible for resolving its conflicts. 20 C.F.R. §§ 404.1527, 416.927; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**a. The ALJ properly evaluated the opinion of Ruth Christiansen, PA-C and co-signer Cezary Wojcik, M.D.**

Ruth Christiansen, PA-C, wrote a letter co-signed by Cezary Wojcik, M.D. to Plaintiff's insurance on April 28, 2017. Tr. 597. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). The better an explanation a source provides for an opinion, the more weight we will give that opinion. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). A physician's reports should demonstrate how a claimant's symptoms translate into specific functional deficits which preclude certain activities. *Morgan v. Comm'r of Soc. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

In the letter, they stated that Plaintiff is disabled due to severe dizziness and hypotension that they believe is caused by chronic fatigue syndrome and associated idiopathic hypotension. Tr. 597. The ALJ gave four specific and legitimate reasons for assigning Ms. Christiansen and Dr. Wojcik's opinion little weight. Tr. 38. The ALJ found that their conclusions (1) were vague and conclusory because they did not specify or quantify actual limitations, (2) lacked objective medical evidence, and (3) infringed upon issues reserved for the Commissioner. Tr. 38.

First, the ALJ determined that Ms. Christiansen and Dr. Wojcik's conclusions were vague and conclusory because the limitations were not specific or quantified. Tr. 38. The ALJ stated that the limitations "...did not specify or quantify the claimant's actual limitations or the degree of work restrictions." Tr. 38. Although their letter is four pages long and provides Plaintiff's detailed treatment history and testing results, it fails to provide Plaintiff's concrete functional limitations in a manner that would help the ALJ translate them into a succinct residual functional capacity (RFC). A physician's report should demonstrate how a claimant's symptoms

translate into specific functional deficits which preclude certain activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Though the opinion noted that Plaintiff's dizziness ebbs and flows, she sometimes needs a wheelchair, and she is not able to stand long, the ALJ reasonably determined that these conclusions were too vague to provide value in assessing Plaintiff's ability to work. Tr. 38. This is a specific and legitimate reason to give the opinion little weight.

Next, the ALJ determined that the opinion lacked objective medical evidence, stating that "[t]he extensive medial workup and diagnostic tests…do not corroborate the disability the two sources suggested." Tr. 38. "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c). Here, though the opinion did include Plaintiff's blood pressure readings from her last six encounters, the opinion merely states that Plaintiff's blood pressure remains low and does not describe the examination findings. Tr. 36. Further, the opinion includes ten other tests, workups, and scans with negative or normal results. Tr. 599. The diagnostic results and laboratory findings do not support the opinion's conclusions. This is a specific and legitimate reason to give the opinion little weight.

Last, the ALJ found that the opinion infringed upon issues reserved for the Commissioner. Tr. 28. Ms. Christiansen and Dr. Wojcik concluded that Plaintiff is disabled, however, the law reserves the disability determination for the Commissioner. 20 C.F.R. § 404.1527(e)(l). No special significance is given to opinions on issues reserved for the Commissioner, however, the ALJ *must* nonetheless consider the opinion along with "all of the medical findings and other evidence that support a medical source's statement that you are disabled.". 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ stated, "the statement that the claimant 'is disabled' is a legal determination reserved to the Commissioner and therefore

warrants little weight. Nonetheless, the symptoms the two sources described...have been

considered in formulating the above residual functional capacity." Tr. 38. Though the ALJ noted

that a determination of disability is reserved for the Commissioner and warrants little weight, the

ALJ nonetheless considered the symptoms described in the opinion in formulating Plaintiff's

RFC, resulting in the following nonexertional limitations: Plaintiff should never climb ladders,

ropes, or scaffolds. Tr. 38. Plaintiff can occasionally stoop, kneel, crouch, crawl, and climb stairs

and ramps. Tr. 38. Plaintiff is precluded from working around hazards such as unprotected

heights, operating heavy moving machinery, or operating motor vehicles. Tr. 35.

Thus, the ALJ considered Ms. Christiansen and Dr. Wojcik's opinion, discussed it in the

decision, and provided specific and legitimate reasons for assigning it limited weight. Tr. 38. The

ALJ did not err in this regard.

### b. The ALJ properly evaluated the opinion of Ms. Norris, a certified physician's assistant.

Jane Norris, a certified physician's assistant, wrote a letter on April 25, 2017 showing

that Plaintiff has been receiving ongoing treatment for chronic fatigue syndrome since March 13,

2017. Tr. 596. A nurse practitioner's opinion is considered "other medical source" evidence,

which the ALJ may only discount by providing reasons that are germane to each witness. *Dodrill

v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

In her letter, Ms. Norris recommended that Plaintiff refrain from any strenuous physical

or cognitive activities until her chronic fatigue syndrome improved. Tr. 596. Plaintiff's treatment

plan included limiting activities including walking, lifting, bending, and other similar physical

exertion activities. Tr. 596. The ALJ assigned limited weight to this opinion stating:

> ...[T]he source did not quantify the degree of the claimant's
> functional limitations. The source did not indicate how long the
> limitation would last. The statement is vague and conclusory in

nature. There is little objective evidence that supports limitation associated with cognitive functioning.

Tr. 39.

The ALJ provided two reasons to assign limited weight to Ms. Norris's opinion. Tr. 38-39. First, the ALJ found that Ms. Norris's statement was vague and conclusory. Tr. 38. Neither Ms. Norris's recommendation that Plaintiff refrain from "any strenuous activities, both physical and cognitive" nor the treatment plan limiting Plaintiff's "activities including walking, lifting, bending, and similar physical exertion" provide any concrete limitations that would assist the ALJ in assessing Plaintiff's remaining ability to do work activity. Tr. 596.

Second, the ALJ found that Ms. Norris's opinion lacked objective medical evidence. Tr. 38. Ms. Norris makes no reference to any clinical findings or other objective medical evidence in the record to support her opinion. Tr. 596.

The ALJ has provided germane, as well as clear and convincing, reasons to discount Ms. Norris's opinion. Tr. 38-39. The ALJ did not err in this regard.

## II.     The ALJ properly evaluated Plaintiff's subjective symptoms

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Reddick*, 157 F.3d at 724; *Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ must also "state specifically which symptom testimony" is being rejected and what facts lead to that conclusion. *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 2009) (citing *Dodrill*, 12 F.3d at 918). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1029, 1036 (9th Cir. 2007)).

In this case, the ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting portions of Plaintiff's subjective symptom testimony. Tr. 35-38. Plaintiff alleges she cannot work due to multiple conditions including syncope episode, baseline tremor, and chronic fatigue syndrome. Tr. 36. Plaintiff alleges that her body and hands shake, she faints when she walks long distances, and she uses a wheelchair in and out of her home. Tr. 36. Plaintiff alleges that she cannot stand for even five minutes and uses a stool when making dinner. Tr. 36. Plaintiff alleges that she spends her day lying down or sitting, uses a motorized scooter when shopping in stores, and is unable to drive due to problems processing

information. Tr. 36. Plaintiff alleges she experiences mental tiredness and mental exertion and has problems interpreting information. Tr. 36. At step two, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, Plaintiff's testimony was rejected for two reasons. Tr. 36-38. First, the ALJ found that the Plaintiff's treatment notes lacked objective findings that support the severity of Plaintiff's symptoms. Tr. 36-37. Second, the ALJ found that Plaintiff's symptoms are inconsistent with the extensive medical workups. Tr. 36-37. These are specific, clear, and convincing reasons to reject Plaintiff's subjective symptom allegations. Therefore, the ALJ's decision should be affirmed.

First, the ALJ determined that Plaintiff's statements were inconsistent with the treatment notes. Tr. 36-37. In particular, the ALJ found that despite Plaintiff's subjective complaints of hand shaking and chronic dizziness that causes syncope and collapse, the treatment provider did not document any objective finding that supports the severity of Plaintiff's symptoms. Tr. 36. Rather, the treatment notes document that Plaintiff reported improved mood and energy and was doing well on her current dose of medication. Tr. 36, 63, 243-44, 275-76, 328, 488, 543, 545, 607-08. Her dizziness improved and she only suffered from it at night, making it manageable. Tr. 36, 488. Plaintiff was able to take care of her children and her home. Tr. 607-608. She was able to swim during a recent vacation, did not feel dizzy, and was feeling better. Tr. 490. These treatment notes lacked documentation of any objective finding that supports the intensity, persistence and limiting effects of Plaintiff's symptoms. Tr. 36.

Second, the ALJ determined that Plaintiff's statements were inconsistent with the extensive medical workups. Tr. 36-37. Plaintiff underwent extensive testing and saw multiple specialists to determine the cause of her symptoms, however, none of them noted any

abnormality. Tr. 36. Plaintiff's MRI, CT-scan, rheumatology workup, thyroid test, EEG, autonomic testing, neurological evaluation, and cardiology workup all showed negative findings. Tr. 35, 599. Plaintiff's repeat EEG and autonomic testing showed negative findings and her overnight oximetry testing was normal. Tr. 35, 599. Evaluations by a neurologist, sleep specialist, internist, and audiologist at the Mayo clinic did not reveal any definitive diagnosis. Tr. 35, 599. Sleep studies and vestibular and hearing testing returned no abnormalities. Tr. 35, 599. The record showed low blood pressure and positive viral test, but neither of these findings support the severity of Plaintiff's alleged symptoms or limitations. Tr. 35, 599. The ALJ weighed the medical workups and reasonably determined that Plaintiff's subjective symptoms were not supported by the objective findings. Tr. 36.

The ALJ properly evaluated Plaintiff's subjective symptom testimony and the decision is supported be substantial evidence.

## ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED.

It is so ORDERED and DATED this 22nd day of July, 2020.

/s/ Mark D. Clarke
MARK D. CLARKE
United States Magistrate Judge